IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>EZEKIEL JAMES VASQUEZ, *et al.*,<br><br>Defendant. | CR 26–39–M–DWM<br><br><br><br>ORDER |

Defendant Ezekiel James Vasquez moves to dismiss Counts 10 and 12 of the indictment, (Doc. 1), for lack of specificity and failure to state an offense of aggravated identity theft pursuant to 18 U.S.C. § 1028A(a)(1) and (2) or, in the alternative, to order the government to file a bill of particulars. (Docs. 49, 50.) Additionally, the government and Vasquez jointly move to continue the trial due to counsel conflicts with the current trial setting. (Doc. 60.) A hearing was held on both matters on October 15, 2026. (Doc. 64.) For the following reasons, Vasquez's motion to dismiss Counts 10 and 12, (Doc. 49), is denied, subject to renewal, and the parties' joint motion to continue, (Doc. 60), is granted.

**I**

Vasquez first contends that Counts 10 and 12 of the indictment should be dismissed for failure to state an offense under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) and the Supreme Court's decision in *Dubin v. United States*, 599

U.S. 110 (2023). *Dubin* stands for the proposition that, to support a charge of aggravated identity theft under § 1028A(a)(1), the use of another person's means of identification must be at the "crux of what makes the [predicate offense] conduct criminal." 599 U.S. at 131. While *Dubin* has significant application to determining whether the government's evidence is sufficient to sustain a charge for aggravated identity theft under § 1028A(a)(1) and (2), that conclusion is based on facts outside of the indictment which, on the current record, cannot be considered at the motion to dismiss stage. *United States v. Kelly*, 874 F.3d 1037, 1047 (9th Cir. 2017).

In deciding whether an indictment charges a cognizable offense, the court is ordinarily "bound by the four corners of the indictment, must accept the truth of the allegations in the indictment, and cannot consider evidence that does not appear on the face of the indictment." *Id.* The court may nonetheless "make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact." *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986) (quotation omitted). A motion that turns on facts may be decided before trial where the relevant facts are uncontested. *United States v. Phillips*, 367 F.3d 846, 855, n.25 (9th Cir. 2004) (district court properly decided motion where the government did not contest the relevant facts and "[t]he court was thus faced with a pure issue of law.").

Here, Vasquez's Rule 12(b)(3)(B)(v) motion turns on facts, so it may only be decided before trial if the relevant facts are uncontested. *Id.* In his brief, Vasquez alleges specific facts gathered through discovery about his involvement in the underlying bank fraud scheme. (Doc. 50 at 2–5.) The government did not stipulate to those facts, (*see* Doc. 58), and, at the October 15 hearing, contested Vasquez's characterization of the same. Therefore, looking only at the four corners of the indictment, the government has alleged sufficient facts, to be proven at trial, that Vasquez committed and/or aided and abetted aggravated identity theft under § 1028A(a)(1) and (2). As a result, Vasquez's motion to dismiss Counts 10 and 12 under Rule 12(b)(3)(B)(v) is denied.

Next, Vasquez asserts that Counts 10 and 12 of the indictment, (Doc. 1 at 4–5), should be dismissed for lack of specificity under Federal Rule of Criminal Procedure 12(b)(3)(B)(iii). (Docs. 49, 50.) An indictment must be a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment is sufficient if it contains the elements of the charged crime in adequate details to inform the defendant of the charge." *United States v. Solakyan*, 119 F.4th 575, 590 (9th Cir. 2024) (quoting, *inter alia*, *United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016)). "In assessing the sufficiency of the indictment [courts] must look at the indictment as a whole, include facts which are necessarily implied, and construe it according to common sense." *Id.* at 591 (quotation omitted). "The test for

sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Id.* (quoting, *inter alia*, *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009)). In fact, the government is "required to state only the essential facts necessary to apprise [a defendant] of the crime charged; the government [is] not required to allege its theory of the case or list supporting evidence to prove the crime alleged." *United States v. Musacchio*, 968 F.2d 782, 787 (9th Cir. 1991) (citing *United States v. Markee*, 425 F.2d 1043, 1047–48 (9th Cir.1970)).

Counts 10 and 12 of the indictment cover all of the elements of the charged crime, which are that the defendant (1) knowingly transferred, possessed, or used a means of identification of another person; (2) the defendant knew that the means of identification belonged to a real person; and (3) the defendant did so during and in relation to bank fraud under 18 U.S.C. § 1344. *See* Ninth Cir. Model Crim. Instruction 15.9. It also outlines "the essential facts necessary to apprise [the defendant] of the crime charged," *Musacchio*, 968 F.2d at 787, which, in this case, includes the dates of the crimes and reference to the predicate offenses in Counts 2 and 4. (*See* Doc. 1 at 4–5.) For these reasons, Counts 10 and 12 of the Indictment do not lack specificity and Vasquez's Rule 12(b)(3)(B)(iii) motion is denied.

Finally, Vasquez asks the court to order the government to provide a bill of particulars if his motion to dismiss Counts 10 and 12 is denied. (Doc. 50 at 15.) "A bill of particulars has three purposes: to apprise the defendant of the specific

charges being presented so as to minimize surprise at trial, to aid the defendant in preparing for trial, and to protect against double jeopardy." *United States v. Burt*, 765 F.2d 1364, 1367 (9th Cir. 1985) (citation omitted). As stated above, the indictment sufficiently apprises Vasquez of the charges against him. In his brief, and in the October 15 hearing, counsel for Vasquez did not appear confused or unsure of the nature and circumstances of the charges and the government's arguments against Vasquez. Further, there are no potential double jeopardy concerns. A bill of particulars is therefore unnecessary where Vasquez has been provided discovery that will allow him to prepare for trial, and the request for a bill of particulars is denied.

**II**

The government and Vasquez jointly move to continue trial and reset deadlines due to counsel for the parties having conflicts with the current trial setting on November 2, 2026. (Doc. 60.) This is a multi-defendant case involving Andrew Thomas Dalton, Dayne Taylor Reid-Croft, Christopher Nathan Gott, Anthony Louis Odear, and Vasquez. Dalton and Reid-Croft have moved to enter guilty pleas, (Docs. 52, 54), leaving only Gott, Odear, and Vasquez to stand trial. Odear has not yet been apprehended, taken into federal custody, or made an initial appearance before this Court. Because Odear is not yet in custody or arraigned, the statutory speedy trial clock has not commenced with respect to all aspects of the joint prosecution, and unavailability of a co-defendant excludes time under 18

U.S.C. § 3161(h)(6). Therefore, a limited continuance would not technically impair Vasquez's and Gott's statutory speedy trial rights. A continuance is thus reluctantly granted to allow for continuity of counsel for both the government and Vasquez. Accordingly,

IT IS ORDERED that Vasquez's motion to dismiss Counts 10 and 12 of the indictment, (Doc. 49), is DENIED, subject to renewal.

IT IS FUTHER ORDERED that the government and Vasquez's joint motion to continue trial, (Doc. 60), is GRANTED, with a new trial setting on January 11, 2027.

IT IS FURTHER ORDERED that the deadlines set in the September 23, 2026, Order, (Doc. 48), are VACATED, with an updated scheduling order to follow by separate order.

DATED this 16th day of October, 2026.

Donald W. Molloy, District Judge
United States District Court